UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL D. MCDONALD, | ) 1:06CV00380 |
| | ) |
| Petitioner | ) JUDGE OLIVER |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| STUART HUDSON, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) DECISION OF MAGISTRATE JUDGE |

McHARGH, MAG. J.

The petitioner Paul D. McDonald ("McDonald") has filed a petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 1997 felony convictions for three counts of rape, in the Lake County, Ohio, Court of Common Pleas. (Doc. 1.)

The sole ground of the petition is that McDonald's "conviction was obtained by plea of guilty which was unlawfully induced or not made voluntary with understanding of the consequences of the plea, in violation of due process of law." (Doc. 1, at ¶ 8.) This claim is based on McDonald's alleged lack of knowledge concerning the effect of his plea on his immigration status. Id.

The respondent has filed an answer to McDonald's petition, arguing that his petition was filed after the expiration of the one-year limitations period and that his claim was procedurally defaulted. (Doc. 9, at 13, 16.)

### I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

On September 26, 1997, appellant, Paul D. McDonald, pleaded guilty to three counts of rape in violation of R.C. 2907.02(A)(1)(b).  On November 26, 1997, the Lake

>County Court of Common Pleas sentenced appellee to serve an indefinite term of incarceration of six to twenty-five years on each count. He was also adjudicated a sexual predator pursuant to Ohio's version of Megan's Law, recently amended R.C. Chapter 2950.

(Doc. 9, RX 10, at 2; State v. McDonald, No. 97-L-305, 1999 WL 266681, at *1 (Ohio Ct. App. 1999).

On December 5, 1997, McDonald filed a timely Notice of Appeal raising one assignment of error containing four sub-issues:

>1. The Trial Court Erred in Determining the Defendant to be a Sexual Predator Pursuant to R.C. § 2950.
>
>A. The trial court erred in finding the Appellant a Sexual Predator inasmuch as R.C. § 2950.09(C) was an *ex post facto* law and contrary to the United States and the Ohio Constitutions.
>
>B. The trial court erred in finding the Appellant a Sexual Predator inasmuch as R.C. § 2950.09(B) is unconstitutionally vague denying those facing it's [sic] application due process of law.
>
>C. The trial court improperly refused to allow Defendant and Defense Counsel to view the victim's impact statement which was used in determining whether Defendant is a "sexual predator" pursuant to R.C. § 2950 in contravention of the Sixth Amendment and denied Defendant due process of law.
>
>D. There was insufficient evidence from which the court could determine by clear and convincing evidence that Defendant is a Sexual Predator.

(Doc. 9, RX 8.) On March 1, 1999, the Eleventh District Court of Appeals for Lake County determined that Chapter 2950 as applied to sexual "predators" is unconstitutional and void in its entirety; and therefore, reversed and remanded the judgment of the trial court. (Doc. 9, RX 10, at 2.) On April 12, 1999, a timely Notice of Appeal was filed on behalf of the State of Ohio. (Doc. 9, RX 11.) On May 15, 2000, the Supreme Court of Ohio reversed the state appellate court and issued a mandate requiring McDonald's sentence be enforced. (Doc. 9, RX 15, 16, 17.)

2

On November 19, 2001, McDonald, filed a "Motion for Ruling on Issue Raised in Appeal" before the Eleventh District Court of Appeals. (Doc. 9, RX 18.) On December 28, 2001, the state appellate court issued a judgment entry wherein McDonald's motion was deemed a "motion for reconsideration" filed under App. R. 26(A). (Doc. 9, RX 19, at 3.) The state appellate court overruled the motion for being untimely filed. Id. The state appellate court also found McDonald's fourth issue—whether there was sufficient evidence from which the trial could determine he is a sexual predator—to be without merit. Id. at 3-5.

On December 21, 2001, McDonald filed a pro se application for delayed reopening of his direct appeal pursuant to App. R. 26(b), claiming that his appellate counsel was ineffective, in contravention of the U.S. and Ohio Constitutions, for failing to order a copy of the transcript of his guilty plea hearing. (Doc. 9, RX 20.) The state appellate court overruled McDonald's motion as untimely without good cause on April 5, 2002. (Doc. 9, RX 22.)

McDonald filed a pro se petition for writ of habeas corpus before the Lake County Court of Common Pleas, Civil Division, on May 13, 2002 (Doc. 9, RX 24), which on May 16, 2002, was dismissed *sua sponte* by the court for failure to attach all pertinent commitment papers and failure to state with particularity the extraordinary circumstances entitling him to habeas corpus relief. (Doc. 9, RX 26, 27.)

Also on May 13, 2002, McDonald filed a pro se "Motion to Withdraw Guilty Plea" with the trial court. McDonald claimed his guilty plea was constitutionally defective because it was not "knowing and intelligent," as he was not informed of the possibility of deportation resulting from the plea (Doc. 9, RX 28.) On July 16, 2002, the court denied McDonald's motion to withdraw his guilty plea, finding that: (1) he failed to provide documentation at the plea hearing to show that he

3

was not a United States Citizen; and (2) he failed to demonstrate that he was prejudiced by the court's failure to advise him of the possibility of deportation because the INS Notice to Appear letter submitted by McDonald in support of his motion to withdraw referenced a prior conviction for domestic violence, which provided unrelated grounds for deportation. (Doc. 9, RX 31.) McDonald did not pursue appellate review of the trial court's denial of his motion to withdraw his guilty plea.

The petitioner filed a pro se "Motion to Vacate or Set Aside Judgment and Permit Withdraw of Guilty Plea, Pursuant to R.C. 2943.031" on March 24, 2003. (Doc. 9, RX 32.) McDonald claimed the trial court failed to inform him at the time of his plea that a guilty plea would result in his deportation. Id. at 2. On September 11, 2003, the court held that McDonald's motion was barred by the doctrine of res judicata. (Doc. 9, RX 37.) The court explained that in its examination of McDonald's prior motion to withdraw his guilty plea, the court thoroughly examined the issue of McDonald's citizenship, the provisions of R.C. § 2943.031, and the applicable case law, and determined that McDonald's motion to withdraw his guilty plea should be denied. Id. at 3. Although McDonald could have appealed this decision, he did not do so; thus, the doctrine of res judicata barred McDonald from relitigating these issues in his motion to vacate. Id. On September 26, 2003, McDonald filed a pro se Notice of Appeal (Doc. 9, RX 39) and on November 29, 2004, the state appellate court held that McDonald's motion was barred by res judicata (Doc. 9, RX 43). On January 12, 2005, McDonald filed a Notice of Appeal with the Supreme Court of Ohio. (Doc. 9, RX 45.) On April 13, 2005, the Ohio Supreme Court denied McDonald's leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 9, RX 48.)

On March 13, 2006, the petitioner filed a pro se "Petition for an Alternative Writ of Mandamus" with the state appellate court, claiming that the trial court's failure to advise him that

4

a guilty plea could result in deportation, as required by R.C. § 2943.031, entitled him to a writ of mandamus compelling the trial court to vacate its judgment and set aside McDonald's guilty plea. (Doc. 9, RX 53.) On September 8, 2006, the Court of Appeals of Ohio, Eleventh Appellate District, dismissed McDonald's petition and stated:

> In the instant matter, relator is challenging an issue that could have been raised on direct appeal of the July 16, 2002 judgment or a delayed appeal pursuant to App. R. 5. He utilized neither option. Hence, while relator had a clear statutory right to the R.C. 2943.031 caveat *and* respondent had a clear statutory obligation to provide relator with notice of the possibility of his deportation, relator had an adequate remedy at law which he failed to properly pursue.

State v. McDonald, No. 2006-L-033, 2006 WL 2589812, at *3 (Ohio Ct. App. 2006). The court also found that McDonald's petition was barred by the doctrine of res judicata. Id.

McDonald appealed, and on April 4, 2007, the Ohio Supreme Court affirmed the state appellate court's decision. State ex rel. McDonald v. Mitrovich, 113 Ohio St. 3d 167 (Ohio 2007). In its determination, the Ohio Supreme Court explained:

> McDonald had an adequate remedy in the ordinary course of law to raise his R.C. 2943.031 claim. "Under R.C. 2943.031(D), a defendant who has not received the advisement required by R.C. 2943.031(A) may move to set aside the judgment and withdraw his guilty plea. This motion and an appeal from the denial of the motion provide the exclusive remedies for an alleged violation of R.C. 2943.031(A)." . . .
>
> Moreover, because McDonald has already unsuccessfully invoked these alternate remedies, mandamus is not available to relitigate the same issue. . . . As the court of appeals correctly held, res judicata bars McDonald's successive attempt to raise his R.C. 2943.031 claim.

Id. at 168 (internal citations omitted).

Petitioner filed in the instant pro se petition on February 6, 2006, prior to his state petition. In his federal habeas corpus petition, Petitioner claims that his conviction "was obtained by plea of

guilty which was unlawfully induced or not made voluntary with understanding of the consequences of the plea, in violation of due process of law." (Doc. 1, at ¶ 8.)

The respondent argues that McDonald filed his habeas corpus petition outside the one year limitations period and therefore, it should be dismissed. (Doc. 9, at 13.) Respondent also argues that McDonald has procedurally defaulted his claim. Id. at 16.

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

McDonald has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of an Ohio statute is not properly before this court. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

### III.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state

conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

McDonald timely appealed from the trial court's judgment, which was reversed and remanded by the state appellate court. (Doc. 9, RX 7, 10.) On April 12, 1999, a timely notice of appeal was filed on behalf of the State of Ohio. (Doc. 9, RX 11.) On May 15, 2000, the Ohio Supreme Court reversed the state appellate court and issued a mandate requiring McDonald's sentence be enforced. (Doc. 9, RX 15, 16, 17.) McDonald's conviction became final on August 13, 2000, and the one year statute of limitations began to run. McDonald did not take any action on his direct appeal until November 18, 2001, when he filed a motion for ruling on an issue raised on appeal, which was more than one year after the limitations period began to run. Thus, McDonald did not file his habeas petition within the one year limitations period.

McDonald argues that the respondent miscalculated the running of the limitations period because the time limit on a judgment does not being to run until the judgment is final, and the time limit on a void judgment, such as his, should never begin to run. (Doc. 12, at 8.) Alternatively, McDonald argues that the earliest time the limitations period could have been initiated was on July 12, 2005, or ninety days after the Ohio Supreme Court denied his January 12, 2005 leave to appeal

8

the state appellate court's determination regarding his pro se motion to vacate. Thus, McDonald argues, he had until July 12, 2006 to file his habeas corpus petition, and timely filed his petition on February 6, 2006. (Doc. 12, at 8-9.) In support, McDonald states that his underlying claim for relief consists of a special situation and is properly filed "at any time." Id. at 9-10. Therefore, McDonald argues, his motion to vacate was not barred by res judicata, and was properly filed on March 24, 2003. Id.

McDonald's arguments are not well taken. McDonald's conviction became final on August 13, 2000, when he failed to appeal the Ohio Supreme Court's decision to reverse the decision of the appellate court and enforce his sentence. McDonald failed to take any action with respect to his case until November 18, 2001, which is well beyond the expiration of the limitations period. While it is true that McDonald's motion to withdraw his guilty plea was properly filed at any time[1], McDonald failed to appeal the trial court's June 16, 2002 denial of this motion. Therefore, McDonald's March 24, 2003 motion to vacate, which raised the same issues that were raised in his motion to withdraw, was barred by res judicata, and did not restart the limitations period at zero. Accordingly, McDonald's habeas corpus petition, which was filed on February 6, 2006, is time-barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d). Even if McDonald had timely filed his petition, he has procedurally defaulted his claim that his guilty plea is invalid.

---

[1]The state appellate court determined that McDonald's motion to withdraw filed pursuant to R.C. § 2943.031 was functionally equivalent to Crim. R. 32.1. (Doc. 9, RX 43, at 4-5.) The court further explained "that a defendant is not required to appeal his conviction so as to preserve the issue raised in his motion to withdraw." Id. at 5. Rather, at any time, a defendant may file a motion to withdraw a guilty plea, and then appeal the trial court's failure to grant the motion. Id. quoting State v. Yuen, No. 01-AP-1410, 2002 WL 31124023 (Ohio Ct. App. 2002).

## IV.  PROCEDURAL DEFAULT

The respondent argues that this claim was not presented on direct appeal, thus it has been waived. (Doc. 9, at 16-21.)  Respondent argues that McDonald first raised the issue concerning the validity of his guilty plea in his motion to withdraw his guilty plea, which was filed on May 13, 2002, and denied on July 16, 2002. Id. at 17.  McDonald failed to appeal the denial of this motion. Id.  Respondent asserts that McDonald's subsequent motion to vacate was therefore barred by res judicata and constitutes a procedural default in federal habeas corpus requiring McDonald to show cause and prejudice for his default Id. at 19-21.  Respondent asserts that McDonald has failed to show cause and/or prejudice, and thus, he has procedurally defaulted his claim. Id. at 20-21.

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000).  Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of

those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

McDonald first raised the issue concerning the validity of his guilty plea in his motion to withdraw his guilty plea, which was filed on May 13, 2002, and denied on July 2002. (Doc. 9, RX 28, 31.) A valid judgment rendered on the merits bars subsequent actions based upon a claim arising out of the same transaction or occurrence that was the subject matter of the previous action. Grava v. Parkman Twp., 73 Ohio St. 3d 379, (Ohio 1995) (syllabus). The trial court's denial of McDonald's motion to withdraw his guilty plea, in which he first raised the issue of the validity of his guilty plea, was an adjudication on the merits of this claim. McDonald failed to appeal the denial of this motion and instead filed a motion to vacate with the trial court on March 24, 2003. (Doc. 9,

11

RX 32.) McDonald's subsequent motion to vacate was based upon the same facts and sought the same relief as the prior motion to withdraw, and thus it is barred by the doctrine of res judicata. Application of this Ohio rule satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417. McDonald has not shown cause for his failure to comply with the state procedural rule, the fourth factor in Maupin. See generally doc. 1 (petition), 12 (traverse).

Because McDonald has not shown cause for the procedural default, the defaulted claim can only be considered if the failure to do so would "result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750). This exception requires petitioner's procedural default to be excused if he is actually innocent. El-Nobani v. United States, 287 F.3d 417, 420 (6th Cir. 2002), cert. denied, 537 U.S. 1034 (2002). McDonald does not satisfy this exception because there is no indication in the record that McDonald is innocent. Accordingly, McDonald has procedurally defaulted his claim that his guilty plea is invalid. Even if the court were to consider this claim on the merits, the petition would be denied.

### III. INVALID GUILTY PLEA

The sole ground of the petition is that McDonald's conviction was based on a plea of guilty "which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea." (Doc. 1, at ¶ 8.) In support of this ground, McDonald argues that the trial court "failed to provide the petitioner with a statutorily required caveat that a conviction of the charged offenses may result in the petitioner being subject to a deportation order," and that he would not have pleaded guilty to the offenses "if he had known at the time of the plea that he might become subject to a deportation order." (Doc. 1, memorandum in support, at 1.)

Under Ohio law, a trial court accepting a guilty plea from a non-citizen defendant "must give verbatim the warning set forth in [Ohio Rev. Code] § 2943.031(A), informing the defendant that conviction of the offense for which the plea is entered 'may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'" State v. Francis, 104 Ohio St.3d 490, 490, 820 N.E.2d 355, 356 (2004) (syllabus). However, federal habeas relief is available only if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Williams, 529 U.S. at 412-413; Lewis, 497 U.S. at 780; Mask v. McGinnis, 252 F.3d 85, 90 (2d Cir. 2001) (per curiam).

The U.S. Supreme Court has ruled that a guilty plea which was made voluntarily, knowingly, and intelligently is constitutionally valid. DeSmyther v. Bouchard, No. 03-1419, 2004 WL 1921182 (6th Cir. Aug. 25, 2004) (per curiam), cert. denied, 544 U.S. 921 (2005) (citing Brady v. United States, 397 U.S. 742 (1970)).

Where a criminal defendant pleads guilty on the advice of counsel, he "waives any non-jurisdictional, constitutional challenge he might have and may attack only the nature of the plea." Flowers v. United States, 208 F.3d 213, 2000 WL 125851, at *3 (6th Cir.) (TABLE, text in WESTLAW), cert. denied, 531 U.S. 873 (2000). Flowers quotes the Supreme Court as follows:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759 (1970)].

Flowers, 2000 WL 125851, at *3 (quoting Tollett, 411 U.S. at 267). In other words, a petitioner may challenge a guilty plea on the basis that his counsel's ineffectiveness prevented the plea from being

13

knowing and voluntary. Perez v. Wolfe, No. 2:04cv980, 2005 WL 3132324, at *5 (S.D. Ohio Nov. 22, 2005) (citing Tollett, 411 U.S. at 267).

The defendant's understanding of the consequences of a guilty plea pertains only to the direct consequences of the plea. The trial judge is not constitutionally required to inquire or advise about the collateral effects of the plea. United States v. Amador-Leal, 276 F.3d 511, 517 (9th Cir.), cert. denied, 535 U.S. 1070 (2002); Michel v. United States, 507 F.2d 461, 465 (2d Cir. 1974). Similarly, counsel is only required to advise a criminal defendant of the direct consequences of his plea. El-Nobani, 287 F.3d at 421; United States v. Porter, 930 F.2d 919, 1991 WL 54878, at *4 (6th Cir. 1991) (TABLE, text in WESTLAW). Failure to advise of the collateral consequences of a guilty plea does not constitute ineffectiveness of counsel. El-Nobani, 287 F.3d at 421; Porter, 1991 WL 54878, at *4; Nagaro-Garbin v. United States, 831 F.2d 296, 1987 WL 44483, at *1 (6th Cir. 1987) (TABLE, text in WESTLAW); United States v. Santelises, 509 F.2d 703, 703-704 (2d Cir. 1975) (per curiam).

The Sixth Circuit and other federal courts have held that deportation is a collateral consequence of a guilty plea because the decision whether to deport or not is beyond the control of the district court. El-Nobani, 287 F.3d at 421; Amador-Leal, 276 F.3d at 517. Thus, the fact that McDonald may have been unaware of the deportation consequences of his plea would not make his plea unknowing or involuntary. El-Nobani, 287 F.3d at 421. Nor would his counsel's failure to advise him of the possible deportation consequences of his guilty plea constitute ineffectiveness of counsel. Id.

McDonald has not demonstrated that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

## VII.  SUMMARY

McDonald's petition for a writ of habeas corpus should be dismissed because his only claim is time-barred by the statute of limitations and was procedurally defaulted.  Even if McDonald's claim were to be considered on the merits, his petition would be denied.

## RECOMMENDATION

It is recommended that the petition be denied.


Dated: July 12, 2007                                    /s/ Kenneth S. McHargh
                                                        Kenneth S. McHargh
                                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).